IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 APR -4  A 10: 20

CLERK'S OFFICE
AT GREENBELT

JAMES E. HOUCK

Plaintiff

v

STEPHEN SCHELINASE, M.D.
VINCENT SIRACUSANO, M.D.

Defendants

Civil Action No. GJH-18-2880

***

## MEMORANDUM OPINION

James E. Houck[1] is incarcerated at Western Correctional Institution in Cumberland, Maryland.[2] On September 14, 2018, he filed this Complaint and a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2.

Houck filed this Complaint under 28 U.S.C. §1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim

---

[1] The Clerk shall correct the spelling of Houck's last name on the docket.

[2] Houck is a frequent self-represented litigant in this District. *See e.g. Houck v. Janssen Pharmaceuticals, Inc.*, Civil Action No. GJH-17-1136 (2017) (dismissed with prejudice and assigned Houck's first strike pursuant to 28 U.S.C. §1915); *Houck v Warden*, Civil Action No. GJH-18-83 (D. Md. 2018) (granted Defendants' Motion for Summary Judgment); *Houck v. Siracusano*, Civil Action No. GJH-17-1217 (D. Md. 2017) (dismissed without prejudice); *Houck v. Houck*, Civil Action No. GJH-17-3507 (D. Md. 2017) (dismissed without prejudice); *Houck v. Western Correctional Institution, et al.*, Civil Action No. GJH-16-2123 (D. Md. 2017) (granted Defendants' Motion for Summary Judgment); *Houck v Wexford Health Sources, Inc., et al.*, Civil Action No. GJH-16-1323; *Houck v Wexford Health Service, Inc.*, Civil Action No. GJH-15-3816 (D. Md. 2016); *Houck v. State of Maryland*, Civil Action No. GJH-15-3638 (D. Md. 2016); *Houck v. Wexford Health Services, Inc., et al.*, Civil Action No. GJH-15-3639 (D. Md.); *Houck v. Department of Public Safety and Correctional Services*, Civil Action No. GJH-15-2051 (D. Md. 2015) (consolidated and dismissed for failure to state a claim); *Houck v. Department of Public Safety and Correctional Services*, Civil Action No. GJH-15-1912 (D. Md. 2015) (consolidated and dismissed for failure to state a claim); *Houck v. Department of Public Safety and Correctional Services*, Civil Action No. GJH-15-1883 (D. Md. 2015) (dismissed for failure to state a claim); *Houck v. Warden*, Civil Action No. GJH-14-3092 (D. Md. 2015). Houck also filed three habeas petitions which were dismissed without prejudice. *See Houck v. State of Maryland*, GJH-15-3638 (D. Md. 2016) (failure to exhaust state court remedies); *Houck v. Warden*, GJH-14-3092 (D. Md. 2015) (failure to exhaust state court remedies); *Houck v. State of Maryland*, GJH-14-2183 (D. Md. 2014) (failure to file Court ordered supplement). His habeas petition in *Houck v. Warden, et al.* Civil Action No. GJH-17-903 is under review.

on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii)). The Court also is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Houck. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). Even under this less stringent standard, this Complaint is subject to summary dismissal for failure to state a claim on which relief may be granted.

## BACKGROUND

Houck alleges that Defendants committed medical malpractice and negligence by prescribing Risperdal which caused gynecomastia, enlargement of male breasts. Complaint, ECF No. 1. Houck claims that he never signed "paperwork" or was informed by Defendants about gynecomastia as a possible side effect. On October 4, and October 22, 2018, Houck filed supplements to the Complaint which essentially repeat these allegations. ECF Nos. 3, 4. 5. In one supplement, he also claims that "all inmates should be informed of all side effect [sic] under the Eighth Amendment." ECF No. 5 at 3. As relief, he seeks "$50 million or $10 million," and indicates that he will settle the case for "$895,000 or $395,000" with "treatment" of unspecified nature. Complaint, ECF No. 1 at 3.

This is Houck's fourth Complaint alleging the Risperdal prescribed for him caused gynecomastia. *Houck v. Wexford Health Sources, Inc.*, Civil Action No. 15-3639 (D. Md. 2016) (claim dismissed after Houck failed to comply with Court direction to name the individuals who

2

prescribed the medication); *Houck v. Siracusano*, Civil Action No. GJH-16-1323 (D. Md. 2018) (Defendant's Motion for Summary Judgment granted and judgment entered in favor of Siracusano); *Houck v. Janssen Pharmaceuticals, Inc.*, Civil Action No. GJH-17-1136 (dismissed with prejudice, assigning a first strike under 28 U.S.C. §1915(g)).

For added background, the Court takes notice of facts summarized in its Memorandum Opinion issued on August 15, 2017, in *Houck v. Siracusano*, Civil Action No. GJH-16-1323, Memorandum Opinion, ECF No. 79. In that case, the Court examined whether Houck's Eighth Amendment rights were abridged by Siracusano. There, as here, Houck alleged that Siracusano had prescribed Risperdal, causing him to develop gynecomastia. Siracusano, a psychiatrist, had prescribed Risperdal for Houck to treat his schizoaffective disorder. Siracusano stated in his declaration that Houck had never complained to him of enlarged breasts, and had Houck complained, he would have referred Houck to WCI medical providers for evaluation and considered switching him to another medication. Siracusano declared that in his role as a psychiatrist at WCI, he is not supposed to perform a physical examination on Houck or any other patient. Rather, he would rely on the WCI medical team to perform a physical examination regarding a complaint of enlarged breasts had he received such a complaint. *Id.* at 4-5, Siracusano Decl. ECF No. 57-3. Siracusano stated that Houck was never forcibly administered Risperdal and could stop taking it at any time. Siracusano posited that Houck's obesity provided plausible explanation for the purported breast enlargement. *Id.*[3] Further, Houck made no mention

---

[3] It is also likely that were this claim to proceed for an answer, the claims against Siracusano would be barred under the doctrine of *res judicata*, if this affirmative defense were raised. *Res judicata*, which " 'bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW–12–2083, 2012 WL 6562887, at *3 (D.Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (citation and internal quotation marks omitted). *Res judicata* provides grounds for dismissal if a defendant establishes " '(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d at 210 (quoting *Aliff v. Joy*

3

of his concerns about Risperdal when he met with Siracusano several times between December 8, 2015 and December 10, 2016, when they met for medication reviews. GJH-16-1323, ECF No. 79 at 6. On January 16, 2017, Houck asked to be taken off Risperdal because it was causing gynecomastia. Two days later, Houck stopped receiving Rispersal. *Id.*

The Court also noted on March 4, 2015, Stephen Schellhase, M.D., prescribed Risperdal, to treat Houck for schizoaffective disorder after Houck informed him that he did not like Haldol, another anti-psychotic medication, but had done well on Risperdal. Schellhase prescribed two mg. of Risperdal twice a day. ECF No. 79 at 5, Medical Records, ECF No. 57-2 at 23. On May 20, 2015, after Houck reported good results with Risperdal and his other medications, Schellhase renewed the medications. *Id.* There is no record that Schellhase treated Houck after this date or that Houck complained to him about gynecomastia.

## DISCUSSION

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To establish an Eighth Amendment claim a plaintiff must prove: "(1) that the deprivation of a basic human need was objectively sufficiently serious; and (2) that subjectively the officials acted with a sufficiently culpable state of mind." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013) (emphasis in original). The objective element is satisfied by a prisoner's serious medical condition, and the subjective element is satisfied by showing deliberate indifference. *Id.* Not every allegation of inadequate medical treatment states a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

---

*Mfg. Co.*, 914 F.2d 39, 42 (4th Cir. 1990)). Even if a plaintiff's legal theory differs in the earlier dispute, *res judicata* may still bar the current action if "the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Id.* (quoting *Aliff*, 914 F.2d at 43).

4

105 (1976). Neither an "inadvertent failure to provide adequate medical care" nor "negligen[ce] in diagnosing or treating a medical condition" amounts to deliberate indifference. *Id.* at 105–06. To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 823, 837 (1994). For not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it ..." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106.

Houck alleges that he never signed "paperwork" informing him of the side effects of Risperdal, and claims that "all inmates should be informed of all side effect [sic] under the Eighth Amendment. ECF No. 1, 5 at 3. Because the Eighth Amendment protects inmates from deliberate indifference to substantial risks of serious damage to their health, to state an Eighth Amendment claim, Houck must allege facts that Defendants actually knew about a substantial risk of serious harm to his health or safety and nonetheless purposely disregarded the risk. *See Farmer*, 511 U.S. at 837. Here, Houck does not allege or suggest facts to show that Defendants perceived a substantial risk that he would experience these side effects. Indeed, court records show that he informed Dr. Schelinase on March 4, 2015 that he did not like Haldol, another antipsychotic medication but had done well on Risperdal. Houck made no mention of his concerns about Risperdal when he met with Siracusano several times between December 8, 2015 and

December 10, 2016, when they met for medication reviews. GJH-16-1323, ECF No. 79 at 6. On January 18, 2017, two days after Houck asked to be taken off Risperdal because it was causing gynecomastia, the medication was stopped. *Id.*

Even assuming that it was Defendants' responsibility to provide Houck with this "paperwork," the failure to do so does not necessarily rise to a violation of constitutional proportion. *See Burgess v. Mar*, 395 F. App'x 368 (9th Cir. 2010) ("failure to warn [plaintiff] of the potential side effects of pain medication constitute[s] negligence at most, and not deliberate indifference"); *see also Jetter v. Beard*, 130 Fed. Appx. 523, 526 (3d Cir. 2005) (physician's alleged failure to inform inmate of the side effects of Prednisone amounts to nothing more than negligence); *Williams v. Kelly*, Case No. 15 C 8135, 2018 WL 1911820 (N.D. Ill) (April 23, 2018) (granting summary judgment on Eighth Amendment claim in favor of physician who was alleged to have failed to explain gynecomastia as a possible side effect of Risperdal). "Inadvertent failures to impart medical information cannot form the basis of a constitutional violation." *See Pabon v. Wright*, 459 F.3d 241, 250 (2d Cir. 2006).[4] Under these facts, the Complaint is deficient. Houck does not allege Defendants knew of a substantial risk to him and purposefully disregarded that risk. Without such allegation, Houck has failed to state an Eighth Amendment claim.

Lastly, to the extent Houck raises claims of negligence and malpractice under state law, the Court declines to exercise supplemental jurisdiction, and they will be dismissed without prejudice. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Any such claim must be pursued in state court.

---

[4] Several circuits in examining an inmate's right to refuse treatment have held that in the context of Fourteenth Amendment due process analysis inmates have a "right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment." *Phillips v. Wexford Health Sources, Inc.*, 522 Fed. Appx. 364, 367 (7th Cir. 2013) (quoting *White v. Napoleon*, 897 F.2d 103, 113 (3d Cir. 1990); citing *Pabon*, 459 F.3d at 250.

6

## THREE STRIKES PROVISION, 28 U.S.C. §1915(g)

This court has previously explained to Houck that the privilege of filing a case without prepayment of fees is not unlimited. *See Houck v. Janssen Pharmaceuticals, Inc.*, Civil Action No. GJH-17-1136 (D. Md. 2017) (dismissed with prejudice and assigning Houck's "first strike" pursuant to 28 U.S.C. §1915). A prisoner may be denied in forma pauperis filing status if he has on three or more occasions, while incarcerated, filed an action that was dismissed on the grounds that it (1) was frivolous, (2) was malicious, or (3) failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g); *Tolbert v. Stevenson*, 635 F.3d 646, 650 (4th Cir. 2011). After accruing "three strikes," a prisoner may no longer file suit without first paying court filing fees in full, absent demonstration of imminent danger of serious physical injury. *McLean v. United States,* 566 F.3d 391, 393–94 (4th Cir. 2009). Since this matter will be dismissed for failure to state a claim upon which relief can be granted, Houck will be assigned a second "strike" pursuant to 28 U.S.C. § 1915(g).

## CONCLUSION

For these reasons, the Court will by separate Order dismiss Houck's claims with prejudice for failure to state a claim upon which relief may be granted. To the extent Houck has articulated claims premised on state law, the Court declines to exercise supplemental jurisdiction and dismisses them without prejudice to filing in state court as may be appropriate. Houck will be assigned a second "strike" pursuant to 28 U.S.C. §1915(g).

April 4, 2019
Date

GEORGE J. HAZEL
United States District Judge

7